UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ANNIE LAURA (ANNE) THOMPSON    *        CIVIL ACTION

VERSUS                         *        NO: 06-11265

CARL MIXON AND STATE FARM      *        SECTION: "D"(2)
FIRE AND CASUALTY COMPANY


                         **ORDER AND REASONS**

   Before the court is "**Motion to Remand**" filed by Plaintiff Annie Laura (Anne) Thompson.  Defendant, State Farm Fire and Casualty Company, filed a memorandum in opposition.  The motion, set for hearing on Wednesday, Wednesday, May 23, 2007**,** is before the court on the briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

                            **I. Background**

   In this Hurricane Katrina-related matter, Plaintiff (appearing *pro se*) initially filed suit on August 29, 2006, in the Civil District Court for the Parish of Orleans, claiming that as a result of Hurricane Katrina, her home and apartment sustained damages. She named as Defendants: State Farm, the alleged insurer who issued

insurance polices on Plaintiff's properties; and Carl Mixon, the alleged agent from whom Plaintiff purchased these policies.

Plaintiff's allegations against Defendant Mixon include the following:

> V.
>
> When Petitioner purchased her policies from defendant Mixon, he individually and/or through his office staff, negligently failed to alert her as to the presence of the "anti-concurrent" clause and the exclusion fro water damage in said wind policies.
>
> VII.
>
> The existence of these provisions was concealed from petitioner, who relied to her detriment upon the **misrepresentations by defendant Mixon,** who acted negligently, **deliberately** and/or in concert with defendant State Farm to effectively market their homeowners' and/or apartment insurance in order **to gain premium income**.
>
> VIII.
>
> Defendant Mixon, individually and/or through those for whom he is answerable negligently misrepresented the existence of the "anti-concurrent cause (*sic*)" clause to your Petitioner, leading to pecuniary losses when:
>
> (A) the defendant owed a duty to supply the correct information;
>
> (B) the defendant breached that duty;
>
> (C) the Petitioner suffered damages from justifiable reliance on the misrepresentation.

IX.

>Defendant, Mixon, as an insurance agent, had an affirmative duty to supply Petitioner with correct information, an (*sic*) is liable to your Petitioner for negligent misrepresentation for failure to supply that correct information, causing the Petitioner damages in denied insurance coverage for wind damages.

X.

>Defendant Mixon, individually and/or through the acts of those for whom he is answerable, negligently omitted to supply correct information or supplied incorrect information to Petitioner when Thompson purchased her policy, causing damages when she was insufficiently insured for her losses from Hurricane Katrina and the effects thereof between August 28 and August 29, 2005.

(*See* Petition attached to Removal Papers, emphasis added).

In Paragraph XXIX, Plaintiff alleges:

>Defendants' intensional breach of their duty of good faith towards Petitioner has been accompanied by oppression, **fraud**, malice, and yelling, and dressing down and humiliation.

(*Id.*, emphasis added).

On December 22, 2006, State Farm removed the matter to this court claiming complete diversity between Plaintiff (a citizen of Louisiana) and State Farm (a foreign insurer incorporated in Illinois and having its principal place of business in Illinois). As to Defendant Mixon, State Farm acknowledges that Mixon is a citizen of Louisiana, but State Farm claims that he is improperly

joined because Plaintiff's claims against him are perempted. State Farm also claims, and the court agrees, that it is facially apparent from Plaintiff's Petition that the amount in controversy exceeds $75,000. (*See* Petition at ¶XIII and Prayer).

State Farm also based its removal pursuant to original jurisdiction conferred by the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §1369 (MMTJA), and alternative piggy-back jurisdiction afforded by 28 U.S.C. §1441(e)(1)(A); and (2) diversity jurisdiction.  As the court next discusses, the court does not have diversity jurisdiction Defendant Mixon was not fraudulently joined, and it does not have MMTJA jurisdiction or piggy-back jurisdiction.

## II.  Legal Analysis

### A.  No diversity jurisdiction.

State Farm claims that Defendant Mixon is improperly joined because Plaintiff's claims against him are perempted under LSA-R.S. 9:5606.  LSA-R.S. 9:5606 provides:

> A.   No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or

4

>       within one year from the date that the
>       alleged act, omission, or neglect is
>       discovered or should have been
>       discovered. However, even as to actions
>       filed within one year from the date of
>       such discovery, **in all events such
>       actions shall be filed at the latest
>       within three years from the data of the
>       alleged act, omission, or neglect.**
>
> B.    The provisions of this Section shall
>       apply to all persons whether or not
>       infirm or under disability of any kind
>       and including minors and interdicts.
>
> C.    **The peremptive period provided in
>       Subsection A of this Section shall not
>       apply in cases of fraud, as defined in
>       Civil Code Article 1953.**[1]
>
> D.    The one-year and three-year periods of
>       limitation provided in Subsection A of
>       this Section are peremptive periods
>       within the meaning of Civil Code Article
>       3458 and, in accordance with Civil Code
>       Article 3461, may not be renounced,
>       interrupted, or suspended.

LSA-R.S. 9:5606 (emphasis added).

   In her Petition (filed on August 29, 2006), Plaintiff does not

---

[1] Louisiana Civil Code Article 1953 provides:

> **Fraud may result from misrepresentation or from silence**
>
> Fraud is a misrepresentation or a suppression of the truth with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

La.Civ.Code Art. 1953.

state the date on which she allegedly purchased her policies from Defendant Mixon.  However, in opposition to Plaintiff's Motion to Remand, State Farm provides documentation showing that the subject policies were issued in 1984 (Policy No. 18-64-0773-2) and in 1995 (Policy No. 98-BN-0381-9).  (*See* State Farm's Exs. A & B, Claim Records for the subject policies).  Thus, State Farm argues that "the maximum 3-year peremptive period afforded under La.R.S. 9:5606, beginning at the time of purchase, has long since lapsed" and "[c]onsequently, all of Plaintiff's claims against Mixon have been perempted."  (State Farm's Opp. at 4-5).

State Farm also notes that even under Plaintiff's representation in her memorandum in support of her Motion to Remand, that Mixon did not inherit her as a client until 2000, Plaintiff's negligence claims against Mixon are still perempted.  (*Id*. at p. 5, n. 8).[2]

The court agrees that Plaintiff's **negligence claims** against Defendant Mixon are perempted.  However, the court also finds that Plaintiff (who is appearing *pro se*) has also sufficiently alleged **claims of fraud** against Defendant Mixon. (*See* Petition at ¶¶VII &

---

[2] Plaintiff represents in her supporting memorandum that she purchased insurance from agent Tony Cinquemano in 1984, that she subsequently transferred to agent Angelo Leone, and then "in early 2000 or so," Carl Moxon took over Leone's business and inherited his clients. (*See* Plaintiff's supporting memo. at p. 2).

XXIX, quoted above).[3]  And under LSA-R.S. 9:5606(C),

>   C.   The peremptive period provided in Subsection A of this Section shall not apply in cases of **fraud**, as defined in Civil Code Article 1953.[4]

Further, because Plaintiff filed suit on August 29, 2006, the court finds that she filed within one year from the date the alleged act or omission was discovered or should have been discovered.  Thus, her claims of fraud are not prescribed or perempted.  Accordingly, the court concludes that Defendant Mixon has not been fraudulently joined, and his citizenship destroys diversity jurisdiction.

### (A)  No MMTJA jurisdiction[5]

The MMTJA provides in relevant part:

---

[3]  Whether Plaintiff can actually prove any claims of fraud against Defendant Mixon is an entirely different issue that is not addressed by this court.

[4]  Again, Louisiana Civil Code Article 1953 provides:

>   **Fraud may result from misrepresentation or from silence**
>
>   Fraud is a misrepresentation or a suppression of the truth with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.  Fraud may also result from silence or inaction.

La.Civ.Code Art. 1953.

[5]  The court notes that while Defendant asserted jurisdiction under the MMTJA in its removal papers, it has abandoned such an assertion in its opposition to Plaintiff's Motion to Remand, concentrating only on its assertion of fraudulent joinder and diversity jurisdiction.

**§1369.   Multiparty, multiforum jurisdiction**

(a) **In general.-**The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-

  (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

  (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or

  (3) substantial parts of the accident took place in different States.

(b) **Limitation of jurisdiction of district courts.-**The district court shall abstain from hearing any civil action described in subsection (a) in which-

  (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and

  (2) the claims asserted will be governed primarily by the laws of that State.

28 U.S.C. §1369.[6]

---

[6] "The MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora." *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006). The ultimate goal of the MMTJA is consolidation. *Id.*

An "accident" under §1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 persons." 28 U.S.C. §1369(c)(4). Here, the court does not have original jurisdiction under §1369, because Plaintiff is making a theft claim and not the type of "accident" claim envisioned by the MMTJA. Further, Plaintiff is not making a claim for Hurricane Katrina property damage, and even if his theft claim could somehow be construed as such, Hurricane Katrina is not an "accident" as that term is defined in the MMTJA.[7]

State Farm alternatively argues in its removal papers that the court has supplemental jurisdiction under 28 U.S.C. §1441(e)(1)(B), because State Farm is already a defendant in *Chehardy v. Wooley*, No. 06-1672, now pending in the Eastern District of Louisiana, under lead case, No. 05-4182 (K). The full text of 28 U.S.C. §1441(e)(1) provides:

> a defendant in a civil action in State court may remove that action to the district court of the United States for the district court

---

[7] *See e.g., Haas v. Lafayette Ins.* Co., 2006 WL 3437498, EDLA No. 06-8975, Doc. No. 6 (McNamara, J.); Flint *v. Louisiana Farm Bureau Mutual Ins. Co.*, EDLA No. 06-2546, Doc. No. 19 (Duval, J.); *Berry v. Allstate Ins. Co.*, EDLA 06-4922, Doc. No. 8 (Zainey, J.); *Southall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (Barbier, J.); *Fidelity Homestead Ass. v. The Hanover Ins. Co.*, EDLA No. 06-3511, Doc. No. 26 (Berrigan, J.); *Southern Athletic Club, LLC v. The Hanover Ins. Co.*, EDLA No. 06-2605, Doc. No. 28 (Lemmon, J.); and *Carroll v. Lafayette Ins. Co.*, EDLA No. 06-3955, Doc. No. 20 (LeMelle, J.).

9

>     and division embracing the place where the
>     action is pending if-
>
> (A) the action could have been brought in the
>     United States district court under
>     section 1369 of this title; or
>
> **(B) the defendant is a party to an action
>     which is or could have been brought, in
>     whole or in part, under section 1369 in a
>     United States district court and arises
>     from the same accident as the action in
>     State court, even if the action to be
>     removed could not have been brought in a
>     district court as an original matter**.

28 U.S.C. §1441(e)(1) (emphasis added).

As the Fifth Circuit has reasoned:

> §1441(e)(1)(B) permits removal in those
> situations where original federal subject
> matter jurisdiction does not exist ... When
> the requirements of §1441(e)(1)(B) are met,
> defendants need not establish the existence of
> independent subject matter jurisdiction under
> any other provision, including under §1369(a),
> because supplemental jurisdiction has been
> established.

*Wallace,* 444 F.3d at 702.

However, in this case, the court rejects Defendant's argument that this court can exercise supplemental jurisdiction under §1441(e)(1)(B) based on the fact that Defendant is already a defendant in *Chehardy*. In *Chehardy*, it has been found that "§1369 jurisdiction exists ... because the levee break [in the aftermath of Hurricane Katrina] is the requisite accident that caused the

death of at least 75 natural persons at a discrete location."[8]  But in this case, Plaintiff makes no allegation about a levee break or breach.  Thus, the court finds that it has no "piggy-back jurisdiction" under §1441(e)(1)(B).  *Wallace*, 444 F.3d at 702.

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion to Remand"** be and is hereby **GRANTED**, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **25th** day of **May**, **2007**.

                                                      _____
                                                                A.J. McNAMARA
                                                      UNITED STATES DISTRICT JUDGE

---

[8] In *Flint v. Louisiana Farm Bureau Mutual Ins. Co.*, No. 06-2546, Doc. No. 19, p. 7, Judge Duval found that:

> [*Chehardy v. State Farm Fire & Casualty Co.*, a case transferred from the Middle District of Louisiana to the Eastern District, No. 06-1672, and now pending in Section K under lead case, No. 05-4182, *In re: Katrina Breaches Litigation*] arises from a levee break that caused both loss of life and property damage. Therefore, the Court concludes that §1369 jurisdiction exists in *Chehardy* because the levee break is the requisite that caused the death of at least 75 natural persons at a discrete location.